UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


PAMELA M. EASTRIDGE, Executrix of the
the Estate of Joseph E. Morris, Jr.                                               PLAINTIFF


v.                                                                       CIVIL ACTION NO. 3:12CV-862-S


GOODRICH CORPORATION, et al.                                                     DEFENDANTS


## MEMORANDUM OPINION

This matter is before the court for consideration of the following motions:

1. Motion of defendants American Chemistry Council, Georgia Gulf Corporation, Goodrich Corporation, PolyOne Corporation, PPG Industries, Inc. and Shell Oil Corporation (collectively herein "ACC") to dismiss the Complaint (DN 50).

The following defendants have joined in the motion: Olin Corporation, Monsanto Company, Chevron U.S.A., Inc., Gulf Oil Limited Partnership, Air Products and Chemicals, Inc., Momentive Specialty Chemicals, Inc., Georgia-Pacific LLC, Ethyl Corporation, ConocoPhillips Company, Sasol North America, Inc., Goodyear Tire & Rubber Company, Honeywell International, Inc., Occidental Chemical Corporation, Society of the Plastics Industry, Inc., EPEC Polymers, Inc., Tenneco, Inc., Dow Chemical Company, and Union Carbide Corporation.[1]

---

[1] When referring to the motion of "ACC," the court is referring to the motion filed by the six entities named in the motion itself as well as the eighteen other entities who have joined in it. SPI and Airco are the only defendants to file separate motions. Many of their arguments mirror those made in the ACC motion. They additionally argue that the complaint fails to allege facts sufficient to state a claim against them particularly. Defendants Panasote, Inc. and Meggett Safety Systems, Inc. have not appeared in the case.

2. Motions of defendants, Society of the Plastics Industry, Inc. ("SPI"), and Airco, Inc. ("Airco"), to dismiss the complaint for failure to state a claim as to them (DNs 62; 81).

3. Motion of defendant SPI to dismiss for lack of personal jurisdiction (DN 73).

4. Motion of the plaintiff, Pamela M. Eastridge ("Eastridge"), as Executrix of the Estate of Joseph E. Morris, Jr., for leave to file an Amended Complaint (DN 100).

Eastridge alleges that the decedent, Joseph E. Morris, Jr., was exposed to polyvinyl chloride ("PVC") and PVC-containing products during his employment with Goodrich Corporation. Morris worked at the B.F. Goodrich Plant in Louisville, Kentucky from approximately 1964 to 1980.

Vinyl chloride ("VC") is a man-made compound processed into PVC. The Complaint alleges that as a result of his exposure to VC, Morris developed cancer of the liver (angiosarcoma). He was purportedly diagnosed with chemical exposure-related angiosarcoma in June 2011 and died in November 2011.

Morris' Executrix, Eastridge, filed this action in the Jefferson County, Kentucky, Circuit Court on November 26, 2012 naming twenty-seven defendants. The action was removed to this court under our diversity jurisdiction, as none of the defendant entities is a citizen of Kentucky. ACC has moved to dismiss the complaint on the ground that it fails to state a claim upon which relief may be granted, in accordance with Fed.R.Civ.P. 12(b)(6). Eastridge obtained an extension of time in which to respond to the motions. Instead of responding, she filed a motion for leave to file an amended complaint. The defendants objected to the proposed amendment on the ground of futility. We are thus asked to evaluate whether the proposed amendments cure what the defendants claim are fatal deficiencies in the original pleading.

In response to the contention that amendment would be futile, Eastridge responds in summary fashion, in two pages, that she believes she has stated viable claims against the defendants.

The defendants contend, and Eastridge agrees, that the proposed ninety-two-page Amended Complaint is virtually identical to the complaint in *Hogan v. Goodrich Corp.*, No. 3:05CV-159-C, litigated before Judge Jennifer Coffman in this district.[2]

Judge Coffman did much of the spade work in addressing the viability of nearly identical claims now before this court. We have reviewed the Complaint, proposed Amended Complaint in this case, and the opinions of Judge Coffman in the prior litigation, and find that a number of similar rulings are warranted. The motions to dismiss presently before this court also raise the spectre of dismissal in light of the standard for scrutiny of pleadings under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This aspect of the motions to dismiss was not before Judge Coffman, as *Twombly* and *Iqbal* had not yet been decided.

When a motion to dismiss is filed under Rule 12(b)(6), the Court must look to the Complaint and determine whether it states a viable claim for relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 570. A plaintiff must do more than offer an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading which offers mere "labels and conclusions" or "formulaic recitations of a cause of action" is insufficient under the *Iqbal/Twombly* standard. *See, Id.* Further, the court "need not accept the truth of legal conclusions or draw unwarranted factual inferences." *Republic Bank & Trust Co. v. Bear Stearns & Company, Inc.*, 707 F.Supp.2d 702, 707 (W.D.Ky. 2010), *aff'd,* 683 F.3d 239 (6th

---

[2]The defendants refer to the proposed Amended Complaint as a "form complaint" used routinely in such actions.

Cir. 2012)(*citing DirectTV v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) and *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). However, the *Iqbal/Twombly* standard does not demand detailed factual allegations, but rather, simply sufficient factual allegations to raise the right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

The original Complaint in this case was filed in the Kentucky state court. It is fairly early in the litigation process in this court, as much time has been spent attempting to parse the claims through 12(b)(6) motions. The court finds that Eastridge should be permitted leave to amend the Complaint to the extent that the claims are not clearly subject to dismissal as a matter of law. We find that it would be futile to grant leave to amend certain of the claims – Counts I, II, III, VII, VIII, and IX in part – for the reasons stated herein.

Within the opening paragraphs of the proposed Amended Complaint, Eastridge sets out a grouping of the defendants which we will refer to in this opinion as the "Employers," the "Manufacturer/Suppliers," and the "Conspirators." The Amended Complaint states, in part:

> a. Morris was employed by defendant, B.F. Goodrich Company at its Louisville, Kentucky, manufacturing plant. In or about 1993, B.F. Goodrich Company spun off its vinyl chloride business, to the Geon Company...The Geon Company has become PolyOne Corporation. B.F. Goodrich Company has become B.F. Goodrich Corporation...The Geon Company, PolyOne Corporation, and Goodrich Corporation are identified collectively as "B.F. Goodrich." Plaintiff's claims against B.F.Goodrich are for tort of outrage, intentional tort and fraud, as well as tortious misconduct in the furtherance of a conspiracy with the other defendants prior to and after Morris' employment.
>
> b. The Manufacturer/Supplier defendants, produced the vinyl chloride to which decedent was exposed during the course of his employment at defendant B.F. Goodrich. These defendants engaged in a breach of duty to warn, product liability violations and fraudulent concealment by taking active steps to conceal the health hazards associated with vinyl chloride; conspired with B.F. Goodrich to commit outrage, an employer intentional tort and fraud; and provided substantial assistance to, so as to aid and abet, B.F. Goodrich in the commission of the employer intentional tort and fraud; and

c. The remaining defendants, who conspired with B.F. Goodrich to commit the employer intentional tort and employer fraud, entered into agreements with the Manufacturer/Supplier defendants to conspire to fraudulently conceal the hazards of vinyl chloride; and who took actions to substantially aid and abet the Manufacturer/Supplier defendants.

Proposed Amend. Compl., 2(a)-(c).³

I.

We find it best to first identify what portion of the Amended Complaint we conclude is viable. Eastridge has plead products liability causes of action sufficient to survive a motion to dismiss at this time. We approve of and adopt the principles discussed by Judge Coffman with respect to products liability claims under Kentucky law, and recite portions of DN 104 from the *Hogan* case in full.

Count IV claims a breach of the duty to warn by the Manufacturer/Suppliers, Count V asserts general claims for product liability, and Count VI claims a breach of implied warranty in tort. All three of these Counts are subsumed in the theories of strict liability and negligence, forms of product liability claims recognized by Kentucky courts. *Ostendorf v. Clark Equip. Co.*, 122 S.W.3d 530, 535 (Ky.32003). With regard to the Manufacturer/Suppliers, Eastridge has stated valid products liability claims in the form of both strict liability and negligence. Strict liability in tort under Section 402A of the Restatement (Second) of Torts was recognized in *Dealers Transport Co., Inc. v. Battery Distributing Co.*, 402 S.W.2d 441 (Ky. 1965). It provides for a cause of action for physical harm to persons or property caused by a product defect against a manufacturer or commercial seller of a product. Negligence is another ground for liability for personal injury or property damage caused by the manufacturer or seller of a product. *C.D. Herme,Inc. v. R.C. Tway*

---

³Eastridge lists the Manufacturer/Suppliers in ¶ 3, and the alleged Conspirators in ¶ 4. We need not list them all here for purposes of this opinion.

*Co.*, 294 S.W.2d 534 (Ky. 1956). A plaintiff in a products liability case may recover under the theories of defective design, defective manufacture, or failure to warn. *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247 (Ky. 1995).

Privity of contract is not necessary for claims under the strict liability and negligence theories. *Allen v. Coca-Cola Bottling Co.*, 403 S.W.2d 20 (Ky. 1966). The statute of limitations for both strict liability and negligence claims is governed by KRS 413.140(1)(a) in conjunction with the Kentucky discovery rule adopted in *Louisville Trust Co. v. Johns-Manville Products, Inc.*, 580 S.W.2d 497 (Ky. 1979) which provides that a cause of action does not accrue until "a plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Id.*[4]

To state a strict liability claim, a plaintiff must allege that the product was in a defective condition and unreasonably dangerous such that an ordinarily prudent company engaged in the manufacture of that product, being fully aware of the risk, would not have put it on the market. *Tobin v. Astra Pharma. Prods., Inc.*, 993 F.2d 528, 536 (6th Cir. 1993)(applying Kentucky law).

Negligence claims focus on the conduct of the manufacturer to discern whether the manufacturer could have foreseen the harm to the plaintiff, and did he act reasonably to prevent that harm. *Ostendorf*, 122 S.W.3d at 535.

Eastridge has sufficiently alleged products liability claims under strict liability and negligence. She has alleged that the Manufacturer/Suppliers supplied VC, an unreasonably dangerous product, due to its design and lack of adequate warnings, to Morris' employer, that Morris

---

[4]*See also, Fluke Corp. v. LeMaster*, 306 S.W.3d 55 (Ky. 2010). It is alleged that Morris was diagnosed with chemical exposure-related angiosarcoma in June 2011, he died in November, 2011, and the state suit was filed November 26, 2012. No issue has been raised as to the timeliness of Eastridge's claim in light of the one-year statute of limitations. Therefore, the products claims will be allowed to be filed.

was a foreseeable user of that product, and that the product caused his injury and death. *See Radcliffe Homes, Inc. v. Jackson*, 766 S.W.2d 63 (Ky. App. 1989) citing Restatement (Second) of Torts, § 402A (1965). She alleges that the Manufacturer/Suppliers knew that VC products were inherently and unreasonably dangerous and defective when ingested, breathed, or absorbed, but failed to warn of these dangers (proposed Amend. Compl., ¶ 256). She alleges that the VC products failed to comply with the representations and warranties made about their intended uses (proposed Amend. Compl., ¶¶ 258; 259). She also alleges that the products were defective when they left the defendants' control (proposed Amend. Compl., ¶ 242). These allegations are sufficient to state a products liability claim.

Relying on the "concert of action" theory from Section 876 of the Restatement (Second) of Torts, as recognized in *Farmer v. Newport*, 748 S.W.2d 162 (Ky.Ct. App. 1988), Eastridge identified a group of Manufacturers/Suppliers, without identifying a particular manufacturer or supplier as being responsible for the injury. See *Dawson v. Bristol Labs.*, 658 F. Supp. 1036 (W.D. Ky. 1987) (applying Kentucky law). In order to state a claim under a "concert of action" theory, a plaintiff must set forth three elements: First, plaintiffs must identify the product causing the harm and prove that the defendants' acts in marketing and promoting the allegedly defective product were a substantial factor in causing the plaintiff's injuries...Second, plaintiffs must establish that the defendants acted by cooperative or concerted activities...Finally, plaintiffs must prove defendants contravened a particular standard of care. *Id.* at 1039-40. The plaintiff alleged the defendants manufactured and supplied VC which caused Morris' death and that they failed to adequately warn of the dangers of VC. Eastridge alleges that the defendants agreed to withhold information, and did so, such that they failed to adequately warn. Finally, Eastridge alleges that the defendants were

negligent in failing to warn of the dangers of VC of which they were or should have been aware, and breached implied warranties with respect to the product. The plaintiff may or not ultimately be able to prove "concert of action." However, her allegations are sufficient under Kentucky caselaw to permit the filing of the claim. The sufficiency of the factual allegations in light if *Iqbal* and *Twombly* may be revisited, if appropriate, upon the filing of the redacted Amended Complaint.

Additionally, the defendants contend that all of Eastridge's claims against Morris' employer, Goodrich Corporation, are barred by the Kentucky Workers' Compensation Act., KRS 342.690; *citing Philadelphia Indem. Ins. Co. v. Morris*, 990 S.W.2d 621, 624 (Ky. 1999). Eastridge has responded that there is nothing in the record to indicate that Goodrich participated in the Kentucky Workers' Compensation plan. We must leave this point to be further developed another day, after the redacted Amended Complaint has been filed.

Count IX alleges that the Conspirators aided and abetted the Manufacturer/Suppliers in the commission of the products liability torts alleged in Counts IV, V, and VI, and in the commission of fraud alleged in Count VII. Count VII will not be permitted to be filed, for reasons stated later in this opinion. Therefore, that portion of Count IX alleging aiding and abetting fraud will similarly not be permitted. While there is no separate tort of aiding and abetting in Kentucky, Count IX will be permitted to the extent that the claim alleges that the Conspirators acted in concert with or gave substantial assistance to the Manufacturer/Suppliers. For example, Count IX alleges, among other things, that the Conspirators provided substantial assistance to the Manufacturer/Suppliers by limiting various disclosures of the dangers of VC exposure, and failing to conduct tests to identify safe exposure levels. (proposed Amend Compl., ¶ 293).

Counts X and XI do not state claims for relief, but rather request punitive damages and general damages, respectively. As such, the court will permit these counts to be filed.

II.

Leave to amend will be denied as to these remaining claims. They fail to cure deficiencies in the original claims, and therefore the claims will be dismissed.

Counts I (alleging fraud by the employers) and VII (alleging fraud by the Manufacturer/Suppliers) in the proposed Amended Complaint fail to state viable claims, despite the addition of a wealth of allegations of fact and law in the proposed Amended Complaint.

Eastridge's fraud claims are barred by Kentucky's ten-year statute of repose. Kentucky has a five-year statute of limitations for fraud claims running from the date of accrual, which begins on the date of discovery of the fraud. KRS 413.120(12). In all cases, however, the claim must be commenced no later than ten years from the perpetration of the fraud. KRS 413.130(3). The ten-year bar of fraud actions applies even if the injured party did not know of the fraud before the time limit expires.

Eastridge alleges that B. F. Goodrich fraudulently concealed material facts about the health hazards associated with VC. She alleges that the fraud claim did not accrue until Morris was diagnosed and died, because the harm had not been suffered until that time. However, the alleged fraud occurred, at the very latest, when Morris ceased working at the Louisville plant. Therefore, Eastridge's fraud claims are barred by the ten-year fraud statute of repose and must be dismissed.

The ten-year statute of repose for fraud claims is valid under the Kentucky Constitution. In *Saylor v. Hall*, S.W.2d 218 (Ky. 1973), the Kentucky Supreme Court held that a statute of repose barring a claim before it exists is impermissible if it destroys a constitutionally protected right.

Fraud claims are different from the negligence claims presented in *Saylor,* however. In fact, the *Saylor* court distinguished fraud claims, noting that with fraud, the injury – the denial of a legally protected interest – is immediate, whereas no harm in *Saylor* had occurred before the time expired.

The plaintiff has not shown that the fraud statute of repose is unconstitutional under the state Constitution's "open courts" provision. No Kentucky court has decided the issue. This court finds that, if presented with the issue, Kentucky courts would find the fraud statute of repose valid under the state Constitution.

Count I attempts to allege "outrage" under Kentucky law, essentially urging that the employers' acts in concealing the danger of VC and exposing Morris to known carcinogens were "outrageous." *(See*, proposed Amend. Compl., ¶¶ 154; 165; 166 where Eastridge alleges intentional and reckless conduct by Goodrich, specifically providing false information or deliberate misinformation to reassure Morris). However, under Kentucky law, "[t]he tort of outrage will lie when the defendant's conduct was intended only to cause extreme emotional distress." *Lovins v. Hurt*, No. 11-216-JBC, 1011 WL 5592771 (E.D.Ky. Nov. 16, 2011). The alleged facts do not support such a claim.

Count I also attempts to allege an "intentional tort" by urging that concealing the dangers of VC and exposing Morris to VC in the workplace evidences that "B.F. Goodrich acted with deliberate intent to cause Morris to suffer injury." Broken down into its components, however, Eastridge merely alleges that Goodrich intentionally committed fraud and intentionally exposed Morris to an unreasonably dangerous product. The fraud claims are barred for the reasons previously stated. Products liability claims are made elsewhere in the Complaint. The court does not find factual allegations to support an inference that the defendants acted with deliberate intent

to cause Morris' death - the "injury" which Eastridge contends was intended and for which Eastridge has filed suit. The court need not accept unwarranted factual inferences or accept Eastridge's legal conclusions. 707 F.Supp.2d at 707.

Counts II and VIII allege counts of conspiracy by the defendants. A civil conspiracy is not a free-standing claim. *Smith v. Univar USA, Inc.*, No. 12-134-ART, 2013 WL 1136624 (E.D.Ky. Mar. 18, 2013). Rather, it allows for a recovery from multiple defendants for an underlying intentional tort. *Id.*, *citing, Montogomery v. Milam*, 910 S.W.2d 237, 239 (Ky. 1995) and *Peoples Bank of N. Ky. v. Crowe Chizek and Co. LLC,* 277 S.W.3d 255, 261 (Ky.Ct.App. 2008).

Eastridge alleges that fraud, intentional tort, and violations of the Kentucky Products Liability Act underlie the conspiracy claims. To the extent that the conspiracy claims are based on fraud and intentional tort, they must be dismissed, as these substantive claims were found barred or otherwise insufficient to state a claim. Further, the court has been shown no authority that a product liability claim may form the basis for a claim of civil conspiracy. In fact, in *Smith, supra,* a case also involving product liability claims addressing injury from toxic chemicals, the court dismissed a claim for civil conspiracy. *See also, Harris v. Brush Engineered Materials, Inc*., No. 1:04CV598, 2005 WL 3806048 (S.D. Miss. Feb. 18, 2005)(dismissing claims for civil conspiracy where plaintiff-victims were exposed to beryllium dust); *Ruth v. A.O. Smith Corp*., No. 1:04-CV-18912, 2005 WL 2978694 (N.D. Ohio Oct. 11, 2005)(civil conspiracy cannot succeed when premised on a failure to warn). The conspiracy claims are deficient, and the proposed amendments to the claims will not be permitted to be filed.

Count III alleges aiding and abetting the conduct of the Employers by all of the other defendants. Kentucky courts have not recognized a separate tort of aiding and abetting. While

concerted action is recognized by the Restatement (Second) of Torts, § 876(b), and was permitted to be alleged in connection with the product liability claims (Count IX), no separate aiding and abetting claim is viable under Kentucky law.

To the extent that defendants Society of the Plastics Industry, Inc. and Airco, Inc. have filed motions (DN 62; 73; 81) which extend beyond the arguments concerning the viability of the claims and seek dismissal for failure to allege sufficient facts against them, the motions will be denied with leave to refile once the Amended Complaint has been redacted and refiled.

## Conclusion

For the reasons set forth herein, the court will permit the filing of the proposed Amended Complaint as to the products liability causes of action (Counts IV, V VI, and IX in part) and the claims for damages (Counts X and XI). The motion will be denied in all other respects. The motion of ACC to dismiss is granted as to Counts I, II, III, VII, VIII, and IX as it relates to fraud. In all other respects, the motion will be denied. A separate order will be entered this date in accordance with this opinion.

September 27, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**