UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:12-cv-862-DJH

PAMELA M. EASTRIDGE, Executrix
of the Estate of Joseph E. Morris, Jr.,                                               Plaintiff,

v.

GOODRICH CORPORATION, et al.,                                                    Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On September 30, 2014, the Court entered a Memorandum Opinion and Order addressing numerous motions in this matter (Docket No. 203). It has come to the Court's attention that the opinion identified a motion of Defendant Society of the Plastics Industry, Inc. ("SPI") to dismiss the revised amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction (D.N. 163), but did not dispose of it. This order thus supplements the September 30 Memorandum Opinion and Order and addresses that motion.

SPI has presented a classic personal jurisdiction analysis under Kentucky law and contends that the plaintiff, Pamela M. Eastridge, has failed to meet her burden to establish personal jurisdiction.

Early in the case, SPI filed both a motion to dismiss for failure to state a claim upon which relief can be granted (D.N. 62) and a motion to dismiss for lack of personal jurisdiction (D.N. 73). SPI also joined in the motion of the American Chemistry Council, Georgia Gulf Corporation, Goodrich Corporation, PolyOne Corporation, PPG Industries, Inc., and Shell Oil Co. to dismiss for failure to state a claim (D.N. 75). Eastridge did not offer an affidavit or other evidence in response

to SPI's first motion challenging personal jurisdiction. Instead, she sought leave to amend her complaint.

After rendering an extensive opinion addressing the Fed. R. Civ. P. 12(b)(6) motions (D.N. 155), the Court granted those motions in part, denied them in part, and permitted the plaintiff to file an amended complaint. SPI's motion to dismiss for lack of personal jurisdiction was thereafter denied with leave to refile.

The defendants were also granted leave to supplement their motions to dismiss within thirty days of the order. SPI filed a supplemental 12(b)(6) brief on November 1, 2013 (D.N. 166) and also supplemented its motion for lack of personal jurisdiction (D.N. 163). Eastridge filed a number of iterations, the most recent of which is denominated the Second Revised Amended Complaint ("SRAC") (D.N. 179) and contains a section entitled "Personal Jurisdiction over the Society of the Plastics Industry, Inc." (D.N. 179 ¶ 15).

The plaintiff bears the burden of establishing personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citing *Nationwide Mut'l Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)). While the district court may hold an evidentiary hearing to determine whether or not jurisdiction exists, it need not do so; in that case, the plaintiff "need only make a prima facie showing of jurisdiction," *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996), establishing the necessary facts with "'reasonable particularity.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). Without a hearing, the Court may not "consider facts proffered by the defendant that conflict with those offered by the plaintiff," *id.* (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)), and "must consider the pleadings and affidavits

in a light most favorable to the plaintiff." *Compuserve*, 89 F.3d at 1262 (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

We note that "[a] federal district court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant only to the extent that a court of the forum state could do so." *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 148 (6th Cir. 1997). In all questions of personal jurisdiction, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Due Process Clause imposes constitutional limits on this court's jurisdiction and on the reach of Kentucky's long-arm statute, KRS 454.210.

Kentucky's long-arm statute had been interpreted, until recently, as reaching the outer limits of what federal law allows. *See Cummings v. Pitman*, 239 S.W.3d 77, 84 (Ky. 2007),[1] *overruled*, *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011). However, the Supreme Court of Kentucky has overruled *Cummings* and refined the inquiry into matters of personal jurisdiction:

> [T]he proper analysis of long-arm jurisdiction over a nonresident defendant must proceed under KRS 454.210 to determine if the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories. If not, then *in personam* jurisdiction may not be exercised. When that initial step results in a determination that the statute is applicable, a second step of analysis must be taken to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.

---

[1] The Supreme Court of Kentucky held in *Cummings* that "[t]he purpose of this statute is to permit Kentucky courts to exercise personal jurisdiction over nonresident defendants while complying with federal constitutional due process. We have interpreted this statute to authorize *in personam* jurisdiction to reach the outer limits of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and because of this breadth, our statutory requirements have merged into the federal due process analysis. For this reason, we 'need only determine whether the assertion of personal jurisdiction violates constitutional due process.'" 239 S.W.3d at 84-85 (quoting *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998)).

*Caesars*, 336 S.W.3d at 57.

Personal jurisdiction may take one of two forms: general or specific. General jurisdiction attaches upon "a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant." *Kerry Steel*, 106 F.3d at 149. Alternatively, specific jurisdiction can be premised on as little as a single event or transaction in the forum state, provided the claims at issue "'arise out of or relate to' a defendant's contacts with the forum." *Id.* (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 & nn.8-10 (1984)).

A plaintiff facing a properly supported motion for dismissal on personal jurisdiction grounds "may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Citizens Nat'l Bank of Paintsville v. MCNB Bank & Trust Co.*, No. 7:12CV-102-KKC, 2013 WL 3894006 (E.D. Ky. July 23, 2013) (quoting *Theunissen*, 935 F.2d at 1458). SPI has offered three declarations[2] to support its contentions that (1) it is a trade association incorporated in the state of New York with its principal place of business in Washington, D.C.; (2) it has no offices or employees in Kentucky; (3) it has not conducted meetings or any business in Kentucky; and (4) from the membership records available, it appears that SPI has had only a limited number of members from Kentucky in various years, none of whom are defendants in this action.

The Second Revised Amended Complaint contains allegations that SPI has been present in Kentucky on multiple occasions on SPI business and that SPI pursued litigation in multiple jurisdictions and attempted on behalf of the defendant members, including Goodrich, to challenge

---

[2] Declarations of Anne Clark, Vice President of Administration with SPI, John S. Eldred, General Counsel for SPI from 1962 to 2004, and Douglas J. Behr, current counsel for SPI (D.N. 163-1).

OSHA vinyl chloride regulations enacted to protect workers including the plaintiff's decedent. Eastridge alleges that SPI and other defendants in this litigation acted in concert to conceal and/or downplay known risks of vinyl chloride exposure which ultimately caused plaintiff's decedent to develop angiosarcoma from exposure at the BF Goodrich plant in Louisville. SRAC ¶ 15 (citing *Soc'y of Plastics Indus. v. Occupational Safety & Health Admin.*, 509 F.2d 1301 (2d Cir. 1975)).

The SRAC is far reaching, alleging concert of action among the defendants in the vinyl chloride industry over a period spanning approximately 1930 to 1989. SPI rightly takes issue with the lack of any specific dates or events which purportedly establish SPI's presence in Kentucky or the doing or soliciting of business in Kentucky or any other persistent course of conduct in the Commonwealth that would subject SPI to the jurisdictional reach of this court under the Kentucky long-arm statute. SPI further contends that there are no facts from which it can be gleaned that the alleged tortious injury arose from any such activity, nor has Eastridge identified with specificity any concerted action that could satisfy the jurisdictional requirements. *See* KRS 454.210(2)(a); *Caesars*, 336 S.W.3d at 56.

In her response to SPI's motion, Eastridge relies only upon the broad allegations of the SRAC. She has failed thus far to provide specific facts that meet the requirements for the exercise of long-arm jurisdiction. However, she has requested discovery in the event the Court finds the allegations of the SRAC lacking. The Court will grant this request. Eastridge shall have sixty days within which to conduct jurisdictional discovery. If, after such discovery, Eastridge cannot present specific facts, via affidavits or otherwise, supporting the exercise of personal jurisdiction, SPI must be dismissed from the case. *See Theunissen*, 935 F.2d at 1458.

For the reasons stated herein and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion of SPI for dismissal on the ground of lack of personal jurisdiction (D.N. 163) is **HELD IN ABEYANCE** and the plaintiff, Pamela M. Eastridge, as Executrix of the Estate of Joseph E. Morris, Jr., shall have a period of **sixty (60) days** from the date of entry of this Order within which to conduct limited discovery concerning the issue of personal jurisdiction over Defendant Society of the Plastics Industry, Inc.  At the expiration of the discovery period, the plaintiff shall have **fourteen (14) days** within which to file a supplemental response to the motion to dismiss for lack of personal jurisdiction (D.N. 163).  Defendant Society of the Plastics Industry, Inc. shall have **fourteen (14) days** from the date of service of the supplemental response within which to file a supplemental reply brief.  Upon the filing of these two additional briefs, the matter will stand submitted for decision.

January 7, 2015

**David J. Hale, Judge**
**United States District Court**