UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PAMELA M. EASTRIDGE, Executrix
of the Estate of Joseph E. Morris, Jr.,                                    Plaintiff,

v.                                                                    Civil Action No. 3:12-cv-00862-DJH

GOODRICH CORPORATION, et al.,                                              Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Pamela Eastridge asserts that her father, Joseph E. Morris, Jr., developed, and eventually died from, liver cancer after being exposed to carcinogenic compounds during his employment with Defendant Goodrich Corporation ("Goodrich"). Eastridge, as executrix of Morris' estate, contends that Goodrich acted in concert with other defendants, including the Society of the Plastics Industry, Inc. ("SPI"), to conceal the dangers of vinyl chloride prior to and during Morris' employment. Before the Court are SPI's motion to dismiss for lack of personal jurisdiction (Docket Nos. 163, 187, 193, 199, 238) and Eastridge's motion to compel discovery (D.N. 237, 239). For the reasons set forth below, SPI's motion to dismiss will be granted, and Eastridge's motion to compel will be denied.

**I.     BACKGROUND**

Morris worked for Goodrich in Louisville, Kentucky from 1964 until 2005 at a plant that manufactured polyvinyl chloride ("PVC"). Eastridge alleges that Morris was exposed to toxic PVC products and vinyl chloride, a man-made gas that is processed into PVC, from 1964 until 1980. (D.N. 179, PageID # 1817) Morris died on November 3, 2011 from angiosarcoma—a cancer of the liver—which, according to Eastridge, was caused by Morris' exposure to vinyl chloride during his employment. (D.N. 179, PageID # 1818)

SPI is a trade association that studies and lobbies on behalf of the plastics industry. (D.N. 163, PageID # 1323) SPI is a New York corporation with its principal place of business in Washington, D.C. (D.N. 163, PageID # 1323) SPI does not have an office or employees in Kentucky. (D.N. 163, PageID # 1331) Eastridge avers that SPI was involved in a civil conspiracy with other defendants to conceal the health hazards associated with vinyl chloride, and provided assistance to Goodrich in causing harm to the decedent. (D.N. 179, PageID # 1815) Eastridge maintains that this Court has jurisdiction over SPI because members of SPI participated in meetings in Louisville and periodically visited Kentucky, and because SPI pursued litigation in 1974 to block OSHA regulations designed to protect workers like Morris.[1]

In November 2013, SPI moved this Court to dismiss Eastridge's revised amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.[2] (D.N. 163) The Court issued an opinion on the motion on January 7, 2015, finding that Eastridge had "failed to provide specific facts that meet the requirements for the exercise of long-arm jurisdiction." (D.N. 230, PageID # 3044) Despite this conclusion, the Court ordered that the motion be held in abeyance and permitted Eastridge to conduct limited discovery concerning the issue of personal jurisdiction over SPI. The Court concluded that "[i]f, after such discovery, Eastridge cannot present specific facts, via affidavits or otherwise, supporting the exercise of personal jurisdiction, SPI must be dismissed from the case." (D.N. 230, PageID # 3044)

---

[1] The 1974 case was *Society of Plastics Industry, Inc. v. Occupational Safety & Health Administration*, 509 F.2d 1301 (2d Cir. 1975) (hereinafter "OSHA litigation").

[2] Between the time when SPI filed its motion to dismiss and the time Eastridge filed her response to the motion, Eastridge filed a second revised amended complaint. (D.N. 179) Both versions of the complaint contain nearly identical sections discussing personal jurisdiction over SPI.

Pursuant to the Court's Order, Eastridge engaged in limited jurisdictional discovery. Specifically, she conducted a deposition of a corporate representative of SPI in accordance with Federal Rule of Civil Procedure 30(b)(6). Eastridge subsequently filed a supplemental response to SPI's motion to dismiss, combined with a motion to compel. She argues that SPI's witness failed to prepare for the deposition and that the Court should either compel SPI to provide adequate discovery or deny SPI's motion to dismiss. (D.N. 237)

## II.     MOTION TO COMPEL

Eastridge's motion to compel SPI to provide discovery concerns the Rule 30(b)(6) deposition of SPI's corporate representative. As grounds for her motion to compel, Eastridge claims that the representative failed to properly prepare for the deposition. (D.N. 237) In response, SPI asserts that the motion should be denied because Eastridge did not comply with necessary procedural rules and because its corporate representative adequately prepared for the deposition and provided responsive testimony. (D.N. 239)

At the outset, the Court notes that Eastridge's motion to compel is supported by no particularized factual evidence. Eastridge relies exclusively on conclusory allegations, which amount to two pages of her brief. The remainder of her motion consists of over twenty pages of various portions of Clark's deposition transcript copied-and-pasted verbatim. Moreover, Eastridge chose not to file a reply brief.

### A.     Standard

Pursuant to the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel discovery is appropriate where a deponent fails to answer a question, or when a deponent's answer is evasive or incomplete. *Id.* at (a)(3)(B), (a)(4).

In general, determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Prior to granting a motion to compel, the Court must determine that the information sought is relevant. The proponent of the motion bears the burden of demonstrating relevancy. *Allison v. Staples the Office Super Store E., Inc.*, No. 1:13-cv-00190, 2015 WL 3849989, at *3 (W.D. Ky. June 22, 2015). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' . . . ." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citation omitted).

**B.     Analysis**

Consistent with the Federal Rules, a party may name a private corporation as a deponent and "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The Rule requires testimony about information that is "reasonably available, whether from documents, past employees, or other sources." *Martin Cnty. Coal Corp. v. Universal Underwriters Ins. Servs.*, No. 08-93-ART, 2010 WL 4629761, at *5 (E.D. Ky. Nov. 8, 2010) (citation omitted). Determining whether certain information is "known or reasonably available" to an entity requires a fact-specific inquiry. *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 239 (D. Md. 2010).

Eastridge's motion to compel asserts that SPI's corporate representative failed to conduct sufficient research or investigation regarding two of the issues Eastridge identified for examination in her notice of deposition. (D.N. 235, PageID # 3061-62) Prior to analyzing Eastridge's specific claims, the Court will briefly examine the testimony provided by SPI's corporate representative.

4

1.      **SPI's Testimony**

SPI's Vice President of Administration, Anne S. Clark, provided testimony on behalf of SPI. (D.N. 163-1, PageID # 1344) In response to questioning from Eastridge's counsel, Clark testified to the following.

Clark prepared for the deposition by reviewing SPI archival records. (D.N. 239-1, PageID # 3260-61) Specifically, she instructed a temporary employee to review files of the minutes of SPI's board of directors for any mention of meetings or other activity in Kentucky or of the OSHA litigation. (D.N. 239-1, PageID # 3272-73, 3279-80) The employee scanned relevant documents into a database that Clark then reviewed. (D.N. 239-1, PageID # 3283-84) Ultimately, Clark testified that the board meeting minutes contained no mention of Kentucky or Louisville and that the board never met in Kentucky. (D.N. 239-1, PageID # 3273-74, 3279)

Clark similarly directed SPI counsel to review its records for references to Kentucky. (D.N. 239-1, PageID # 3290, 3305, 3319) Furthermore, Clark sent a memo to current SPI staff asking if they recalled any company activity in Kentucky or if they had any documents related to meetings in Kentucky. (D.N. 239-1, PageID # 3290-92, 3345, 3348) Clark reported that no employee found any such document. Clark also located and contacted three former SPI employees. One has no recollection of any activity in Kentucky, a second suffers from memory loss due to old age, and a third did not respond. From this, Clark testified that no current or former employee could recall any SPI activity in Kentucky. (D.N. 239-1, PageID # 3326-28)

Clark stated that she found one document indicating that the president of SPI had attended a meeting of the Society of Plastics Engineers, a different trade association, which was held in Louisville in the 1970s. (D.N. 239-1, PageID # 3321-22) However, that meeting was unrelated to vinyl chloride. (D.N. 239-1, PageID # 3321-22)

Clark further testified to SPI's document retention policy. She acknowledged that board meeting minutes are kept in perpetuity; documents relating to finance are kept in accordance with IRS regulations; employment-related documents are kept for an unknown period after the culmination of an individual's employment; and all other documents are destroyed after a period of time, which she believed to be seven years. (D.N. 239-1, PageID # 3260-63) She also stated that SPI destroys electronic documents. (D.N. 239-1, PageID # 3265)

### 2.     Failure to Investigate the OSHA Litigation

In her motion to compel, Eastridge first alleges that "SPI's corporate representative failed to do any investigation regarding . . . its involvement in the [OSHA] litigation."[3] (D.N. 237, PageID # 3066) According to Eastridge, "[t]he participation of the SPI as a party to the [OSHA litigation] is essential to the question of whether SP[I] had contacts with Kentucky because the focus of the litigation was the [Goodrich] plant in Louisville where in the 70's workers were contracting angiosarcoma from exposure to material in the plant."[4] (D.N. 237, PageID # 3065-

---

[3] This allegation pertains to the portion of Eastridge's notice of deposition in which she indicated that she would seek testimony regarding

> [a]ny meetings or contact with [SPI's] members and specifically regarding Soc'y of Plastics Indus. v. Occupational Safety & Health Admins., 509 F.2d 1301 (2d Cir. 1975) [the OSHA litigation]. Including minutes of any meetings regarding such litigation and whether any meetings regarding the litigation and the underlying OSHA issues were conducted in Kentucky but not limited to Kentucky. In addition knowledge of those individuals involved in the litigation whether they be attorneys, officials of [SPI] or of any member organization.

(D.N. 235, PageID # 3062)

[4] Contrary to Eastridge's characterization of the case, the OSHA litigation involved numerous petitioners, including SPI, Goodrich, and other PVC manufacturers, seeking judicial review of OSHA's 1974 regulations of the vinyl chloride industry. *Soc'y of Plastics Indus.*, 509 F.2d at 1303. Judicial review of OSHA regulations is limited to a review of the administrative record and neither party is entitled to supplement that record with evidentiary material that was not before the agency. *See, e.g.*, *Edison Elec. Inst. v. OSHA*, 849 F.2d 611, 617-18 (D.C. Cir. 1988).

66) Eastridge claims that "[p]resumably, a file was created by counsel and SPI regarding this litigation but no search was done by the corporate representative regarding this." (D.N. 237, PageID # 3066)

As described above, Clark reviewed existing SPI files, including those from SPI counsel. *See supra* Part II.B.1. Additionally, she reviewed records related to an *ad hoc* PVC committee, which oversaw SPI's involvement in the OSHA litigation. That committee was formed in 1974 and Goodrich was a member. (D.N. 239-1, PageID # 3309-12) Clark testified that the extant records related to the PVC committee do not indicate that the committee ever traveled to Kentucky or held a meeting in the state. (D.N. 239-1, PageID # 3311-12) The committee met in New York and its counsel was located in Washington, D.C. (D.N. 239-1, PageID # 3313, 3321) Moreover, the litigation occurred before the U.S. Court of Appeals for the Second Circuit, in New York. And, notably, the issues raised by the petitioners did not specifically involve the Goodrich plant in Louisville, nor did the litigation directly challenge the link between workplace exposure to vinyl chloride and angiosarcoma of the liver. *See Soc'y of Plastics Indus.*, 509 F.2d at 1303.

Eastridge's request for supplemental testimony is based on nothing more than her "presumption" that some additional file must exist in relation to the OSHA litigation. Clark has testified that no such file exists in the possession of any counsel or SPI. Eastridge's request appears to be nothing more than a prohibited "fishing expedition." *See Surles*, 474 F.3d at 305.

Eastridge also fails to show that the testimony she seeks is relevant to the issue of personal jurisdiction. The Court finds it unlikely that SPI's pursuit of a petition for review of an

---

As such, the petitioners did not submit evidence to the Court of Appeals. *See id.*; *see also* D.N. 239, PageID # 3237.

7

administrative record before the Second Circuit would establish a basis for personal jurisdiction over SPI in Kentucky. Compelling further testimony on this matter would be fruitless.

### 3. Failure to Research Electronic Files

Second, Eastridge avows that SPI's corporate representative "failed to research electronic files relevant to contacts with Kentucky."[5] (D.N. 237, PageID # 3066) Eastridge has provided no evidence to support her allegations that electronic files exist that connect SPI to Kentucky and that SPI failed to adequately prepare its witness in relation to this issue. As outlined previously, Clark testified that there are no records, electronic or otherwise, indicating that SPI conducted any meetings in Kentucky or that SPI members periodically traveled to the state. *See supra* Part II.B.1. In fact, it appears that no electronic records exist for any time between April 1964 and 1980, the relevant period articulated in the complaint. (D.N. 179, PageID # 1817)

Relatedly, Eastridge has not demonstrated that the particular discovery sought is relevant to the issue of personal jurisdiction. The fact that SPI might have participated in a few meetings in Kentucky, or that SPI members might have periodically traveled to the state, is insufficient to support either general or specific personal jurisdiction. *See infra* Part III.B.2. The Court finds that no further discovery on this issue is warranted.

---

[5] In her notice of deposition, Eastridge sought testimony from SPI regarding

> [a]ny meetings of any type conducted by an agent, representative employee, or official of [SPI] or any of its associated entities . . . in Kentucky with any of its members. Members shall mean any agent, employee, officer, or any person acting on behalf of a member in any fashion.

(D.N. 235, PageID # 3062)

8

For these reasons, the Court finds that Eastridge's motion to compel must be denied.[6]

Finally, the Court notes that SPI seeks reimbursement for the fees and expenses it incurred by opposing the motion, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). (D.N. 239, PageID # 3239-40) In the absence of a response from Eastridge, the Court declines to consider the request for fees at this stage. Accordingly, the Court will deny the Rule 37 request for fees, without prejudice. SPI may refile the request in the form of a motion as prescribed below.

### III. MOTION TO DISMISS

SPI filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting that the Court lacks personal jurisdiction over SPI. SPI contends that it has no significant contacts with Kentucky. Eastridge argues that jurisdiction exists because SPI "regularly conducted business in the state of Kentucky with numerous members in this state" and "held conferences in Louisville[,] and its officers and employees have visited Kentucky on multiple occasions on the business of the Society." (D.N. 179, PageID # 1821) Eastridge further states that SPI "pursued litigation on behalf of its members in multiple jurisdictions and attempted on behalf of the defendant members . . . to block OSHA regulations designed to protect Morris and workers like him" in the OSHA litigation. (D.N. 179, PageID # 1821)

---

[6] Eastridge's motion to compel should also be denied on procedural grounds. A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* LR 37.1 ("The Court will not entertain discovery motions unless counsel have conferred—or attempted to confer—with other affected parties in an effort to resolves their dispute."). "The prerequisite [of a good faith certificate] is not an empty formality." *Casey Wasserman Living Trust v. Bowers*, No. 5:09-cv-180, 2011 WL 2788307, at *1 (E.D. Ky. July 14, 2011) (alteration in original) (citation omitted). Here, Eastridge has not provided a Rule 37 certification and counsel for SPI have indicated that Eastridge's counsel have not been in contact with SPI's counsel since the deposition at issue. (D.N. 239, PageID # 3234)

### A. Standard

Eastridge bears the burden of establishing personal jurisdiction. *See Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The precise burden a plaintiff must shoulder depends on a court's response to the motion. *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). In the present matter, because the Court permitted jurisdictional discovery, Eastridge must prove jurisdiction by a preponderance of the evidence. *See Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *Max Arnold & Sons, LLC v. Frigoglass N. Am.*, No 5:11-CV-00204, 2012 WL 2312053, at *3 (W.D. Ky. June 18, 2012).

The Court notes that "[a] federal court sitting in diversity may exercise personal jurisdiction over an out-of-state defendant only to the extent that a court of the forum state could do so." *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 148 (6th Cir. 1997). Under Kentucky law, the Court must first look to Kentucky's long-arm statute to determine whether "the cause of action arises from conduct or activity of the defendant that fits into one of the statute's enumerated categories." *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011). If the statute is applicable, the Court must then apply the traditional test "to determine if exercising personal jurisdiction over the non-resident defendant offends his federal due process rights." *Id.*

B.     Analysis

1.     Kentucky's Long-Arm Statute

Kentucky's long-arm statute provides, in relevant part:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

> 1.     Transacting any business in this Commonwealth;
>
> . . .
>
> 3.     Causing tortious injury by an act or omission in this Commonwealth; [or]
>
> 4.     Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth.

Ky. Rev. Stat. § 454.210(2)(a). For purposes of the statute, the term "person" includes non-resident commercial entities. *Id.* § 454.210(1).

Eastridge has not identified any provision of the long-arm statute under which her cause of action arises. The Court notes that her claims could only possibly arise from SPI's transaction of business in Kentucky, from acts committed by SPI in Kentucky, or from acts SPI committed outside Kentucky that caused harm in the state. This implicates subsections (1), (3), and (4) of the statute. Eastridge has failed to articulate how SPI's conduct satisfies any of these provisions.

First, Eastridge has not demonstrated that SPI transacted business in Kentucky. Instead, Eastridge rests on her unsupported claims that SPI held meetings in Kentucky, engaged in business with members here, and visited the state. In contrast, SPI has offered multiple declarations supporting its contentions that it is a trade association incorporated in New York

11

with its principal place of business in Washington, D.C.; that it has no offices or employees in Kentucky; that it has not conducted meetings or any business in Kentucky; and that it has had only a limited number of members in Kentucky, none of whom are defendants in this action. (D.N. 163-1, PageID # 1344-46, 1370-71, 1373-75) On the evidence presented, the Court cannot find that Eastridge's claims arise from any business SPI transacted in Kentucky.

Second, Eastridge has not proven that her cause of action arises from any acts committed by SPI in Kentucky. Eastridge has not linked any of the purported SPI activities identified in the complaint to Morris or the alleged harm caused to him. At best, she shows that SPI has a few members that reside in Kentucky and that SPI's former president was in the state once for an unrelated meeting. Eastridge simply has not provided evidence to demonstrate personal jurisdiction by a preponderance of the evidence under this subsection of the long-arm statute.

Third, Eastridge has not indicated how her cause of action arises from some SPI act performed outside the state. To support her jurisdictional claim, Eastridge cites SPI's pursuit of the OSHA litigation. However, Eastridge has not argued how participation in that case establishes personal jurisdiction over SPI in Kentucky. Nor has Eastridge indicated that SPI "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in" Kentucky. Ky. Rev. Stat. § 454.210(2)(a)(4). For these reasons, personal jurisdiction cannot be established under subsection (4) of the statute.

### 2. Due Process

Even if Eastridge could establish that Kentucky's long-arm statute confers jurisdiction over SPI, she has not shown that the exercise of jurisdiction here would comply with due process. To satisfy a due process analysis, Eastridge must "establish with reasonable

particularity sufficient 'minimum contacts' with [Kentucky] so that the exercise of jurisdiction over [SPI] would not offend 'traditional notions of fair play and substantial justice.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Due process limits the Court's exercise of both general and specific personal jurisdiction. General jurisdiction "permits a court to assert jurisdiction over a defendant based on a forum connection unrelated to the underlying suit," whereas specific jurisdiction is based on a connection "between the forum and the underlying controversy." *Walden v. Fiore*, 134 S. Ct. 1115, 1120 n.6 (2014).

The paradigm forums for the exercise of general jurisdiction over a corporation are those places where the corporation is incorporated and where it maintains its principal place of business. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). SPI is incorporated in New York and has its principal place of business in Washington, D.C. It has no offices or employees in Kentucky and Eastridge has presented no evidence demonstrating that SPI's connections with Kentucky are so "continuous and systematic" as to render it "at home" here. *See id.* at 760-61. Thus, the Court cannot exercise general jurisdiction over SPI.

For a court to exercise specific jurisdiction consistent with due process, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1121-22. A plaintiff must show that the relationship between the defendant and the state arises "out of contacts that the defendant himself creates with the forum State," and the relationship must be based on the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1121-23 (citation omitted).

The Sixth Circuit applies a three-part test to determine whether a court's exercise of specific jurisdiction is consistent with due process:

13

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *see, e.g.*, *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 356 (6th Cir. 2014) (applying *Mohasco* test). Eastridge has not demonstrated any of these elements by a preponderance of the evidence.

First, Eastridge has not shown that SPI purposefully availed itself of the Kentucky forum or that it directed its activities at residents of Kentucky. Even if the evidence proved that SPI had periodically conducted meetings in Kentucky or communicated with individuals in the state, such actions are "precisely the sort of 'random,' 'fortuitous,' and 'attenuated' contacts that the *Burger King* Court rejected as a basis for haling non-resident defendants into foreign jurisdictions." *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1301 (6th Cir. 1989) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Second, Eastridge has not shown that her cause of action arises from activities performed by SPI in Kentucky. Even if the alleged acts of SPI amounted to acting in Kentucky, Eastridge has not demonstrated how those activities caused Morris' injury. Finally, Eastridge has not presented any evidence that illustrates that SPI had a substantial connection with Kentucky that would make the exercise of jurisdiction reasonable. *See supra* Part III.B.1.

Accordingly, the Court finds that Eastridge has not established a claim of personal jurisdiction over SPI that is consistent with due process.

## IV. CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Plaintiff's motion to compel discovery (D.N. 237) is **DENIED**. Defendant SPI's associated request for fees is **DENIED** without prejudice, with leave to refile. Any such motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) must be filed within fourteen (14) days of the date of entry of this Order.

(2) Defendant SPI's motion to dismiss for lack of personal jurisdiction (D.N. 163) is **GRANTED**. Eastridge's claims against SPI are **DISMISSED** without prejudice.

July 30, 2015

**David J. Hale, Judge**
**United States District Court**