UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:12-CV-862-DJH-CHL

PAMELA EASTRIDGE,
Executor of the Estate of Joseph E. Morris, Jr.,                                    Plaintiff,

v.

GOODRICH CORPORATION, et al.                                          Defendants.

Memorandum Opinion and Order

I.        Introduction

Four motions to compel are before the Court.  All Defendants[1] joined in the first and third motions to compel, while only Certain Defendants[2] filed the second and fourth motions to compel:

1.  The Defendants' first motion to compel (DN 277).
2.  Certain Defendants' second motion to compel (DN 289).
3.  The Defendants' third motion to compel (DN 293).
4.  Certain Defendants' fourth motion to compel (DN 301).

---

[1]  The Defendants include: Air Products and Chemicals, Inc.; American Chemistry Council; ConocoPhillips Company; The Dow Chemical Company; Ethyl Corporation; Georgia Gulf Corporation; Georgia-Pacific LLC; The Goodyear Tire and Rubber Company; Gulf Oil Limited Partnership; Honeywell International, Individually and as successor-in-interest to Allied Signal Corporation and Allied Chemical; Hexion Inc., f/k/a Momentive Specialty Chemicals Inc., f/k/a Hexion Specialty Chemicals, f/k/a Borden Chemical, Inc.; Monsanto Company; Occidental Chemical Corporation; Olin Corporation; PPG Industries, Inc.; Shell Oil Company; and Union Carbide Corporation.

[2]  The Certain Defendants include: Occidental Chemical Corporation; Honeywell International Inc.; Olin Corporation; Ethyl Corporation; Air Products and Chemicals, Inc.; Monsanto Company; The Dow Chemical Company; Union Carbide Corporation.

1

The Court will refer to the three sets of written discovery requests at issue in the first and third motions to compel as the "first written discovery requests."  In the first motion to compel, the Defendants ask the Court to order the Plaintiff to respond to the first written discovery requests.  Defs.' 1st Mem. 6 – 7 (DN 277-1).  In the third motion to compel, the Defendants argue that the Plaintiff's late-filed responses to the first written discovery requests are deficient. Defs.' 3d Mem. 1 – 2 (DN 293-2).

The Court will refer to the eight[3] sets of written discovery requests at issue in the second and fourth motions to compel as the "second written discovery requests."  In the second motion to compel, the Certain Defendants ask the Court to compel the Plaintiff to provide responses to the second written discovery requests.  Cert. Defs.' 2nd Mem. 1 (DN 289-9).  In the fourth motion to compel, the Certain Defendants argue that the Plaintiff's late-filed responses to the second written discovery requests are deficient.  Cert. Defs.' 4th Mem. 3 – 4 (DN 301-2).

As explained below, the Court will grant in part and deny in part the Defendants' first motion to compel (DN 277).  The Court will grant in part and deny in part the Certain Defendants' second motion to compel (DN 289).  The Court will grant the Defendants' third motion to compel in full (DN 293).  The Court will grant in part and deny in part the Certain Defendants' fourth motion to compel (DN 301).

---

[3] The Certain Defendants said that "nine" defendants' discovery requests are at issue in the second and fourth motions to compel. Cert. Defs.' 2nd Mot. 1 (DN 289); Cert. Defs.' 2nd Mem. 1; Cert. Defs.' 2nd Reply 3 (DN 296).

The number nine appears to be an error.  *See* Cert. Defs.' 2nd Reply 2 n.1.  Only eight defendants are moving parties in the second and fourth motions to compel. Cert. Defs.' 2nd Mot. 1 – 2 (listing eight movants); Cert. Defs.' 4th Mot. 1 – 2 (DN 301) (same); *accord*, Cert. Defs.' 2nd Mem. 1; Cert. Defs.' 2nd Reply 3; Cert. Defs.' 4th Mem. 1 n.1; Cert. Defs.' 4th Reply 1 n.1; Cert. Defs.' 2nd Prop. Order (DN 289-27); Cert. Defs.' 4th Prop. Order (DN 301-1).

II.     Procedural standards

A party responding to interrogatories "must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).   Similarly, a party responding to a request for production must respond in writing within thirty days.  Fed. R. Civ. P. 34(b)(2)(A).  Likewise, a party responding to a request for admission must respond within thirty days. Fed. R. Civ. P. 36(a)(3).

For interrogatories, "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  An answer to an interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  For requests for production, failure to timely object results in a waiver of the objection.  *See Duracore Pty. Ltd. v. Applied Concrete Tech., Inc.*, 2015 WL 4750936 *6 (W.D. Ky. Aug. 11, 2015).  For requests for admission, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

The Court will discuss first whether the Plaintiff timely responded to the first written discovery requests, and whether the answers she provided were deficient.  Then, the Court will discuss whether the Plaintiff timely responded to the second written discovery requests, and whether the answers she provided were deficient.

III.    The Defendants' first and third motions to compel

A.  Whether the Plaintiff timely responded to the first written discovery requests

On December 2, 2015, the Defendants served the Plaintiff with the first written discovery requests.  Defs.' 1st Mem. 2; Pl.'s 1st Resp. Opp. Mot. Compel 1 (DN 285).  The first written discovery requests include:

(1)  Defendants' first set of phase one[4] joint requests for admission, interrogatories, and requests for production;

(2)  Shell Oil Company's first set of phase one requests for admission, interrogatories, and requests for production; and

(3)  PPG Industries, Inc.'s first set of phase one requests for admission, interrogatories, and requests for production.

Defs.' 1st Mem. 1.

On December 29, 2015, Plaintiff's counsel asked the Defendants for a thirty-day extension of time to respond to the first written discovery requests, and the Defendants agreed to the extension.  Defs.' 1st Mem. 2; Pl.'s 1st Resp. 1.  The Defendants say the extension made the Plaintiff's new deadline February 3, 2016.  Defs.' 1st Mem. 2.  The Plaintiff did not serve any responses to the first written discovery requests by February 3.  *See* Pl.'s 1st Resp. 1.  When the Defendants moved to compel on February 15, 2016, the Plaintiff still had not responded.  Defs.' 1st Mem. 3.

On March 11, 2016, the Plaintiff filed a response to the motion to compel.  Pl.'s 1st Resp. 2.  That same day, the Plaintiff served the Defendants with her responses to the first written

--------------------------------------------------

[4]    The Court's scheduling order (DN 263) includes a two-phase approach to discovery. Phase one generally excludes discovery related to the claims against the "Acting in Concert Defendants."  Sch. Order 4 (DN 263); *see also,* 2nd Am. Compl. 3 – 4 (DN 179).  Phase one fact discovery began on December 1, 2015 and concluded on August 15, 2016.  *See* DN 306 (stating that the deadline for phase one, fact discovery, remains August 15, 2016).  Phase one expert discovery began on August 16, 2016 and will conclude by February 15, 2017.  Sch. Order 4 – 5.

discovery requests. *Id.* The Defendants attached the responses to the first written discovery requests to their first reply. *See*, Pl.'s Answers to Defs.' Phase One Joint Requests (DN 286-3); Pl.'s Answers to PPG Industries (DN 286-4); Pl.'s Answers to Shell Oil (DN 286-5). Thus, it appears that the Plaintiff did respond to the first written discovery requests. Accordingly, the Court will deny as moot the Defendants' first motion to compel to the extent it requests an order to respond to the interrogatories and requests for production in the first written discovery requests.

The Court turns to the timeliness of the Plaintiff's responses to the first written discovery requests to determine whether the Plaintiff waived her objections to the interrogatories and requests for production and to determine whether the Plaintiff's answers to the requests for admission should be deemed admitted.

In response to the Defendants' first motion to compel, the Plaintiff says that "the calculation of a response time to Defendants' discovery is in dispute between the Parties." Pl.'s 1st Resp. 1. She says that when her counsel requested a 30-day extension, she "inadvertently" mentioned February 3, 2016 as the new deadline for Plaintiff's responses. *Id.* She acknowledges that the Defendants granted her request for an extension until February 3, 2016. *Id.* She then argues that because the Court did not enter its scheduling order until January 11, 2016, combined with the Defendants' granting of a thirty-day extension, she had until March 14, 2016 to respond to the written discovery requests. *Id.* Ultimately, she argues that the first motion to compel is moot because she provided the answers to the first written discovery requests. *Id.* at 2.

The Defendants reply that regardless of Plaintiff's excuses, she failed to serve responses to the first written discovery requests by the February 3, 2016 extended deadline to which

Defendants agreed and which Plaintiff's counsel confirmed.  Defs.' 1st Reply 6 (DN 286).

Ultimately, they argue their motion to compel is not moot because the untimeliness of the

Plaintiff's responses results in both waiver of objections to the interrogatories and requests for

production and admission of the requests for admission.  *Id.*

> The Court's scheduling order, entered January 11, 2016, says:

> PHASE ONE FACT DISCOVERY shall commence five days after the Court
> rules on the scope of PHASE ONE discovery and shall cover factual discovery
> including party and fact witness depositions, depositions of [Mr. Morris's]
> treating physicians, and written discovery requests pertaining to the following
> issues: … PHASE ONE FACT DISCOVERY shall conclude on August 15, 2016.

Sch. Order Jan. 11, 2016 (DN 263).  Five days after the Court ruled on the scope of Phase One

fact discovery was Saturday, January 16, 2016.  Thus, under the local rule, the Court's

scheduling order instructed the parties to begin phase one fact discovery on Tuesday, January 19,

2016.[5]

The Court turns to the Plaintiff's argument that the scheduling order, plus the

Defendants' thirty-day extension, extended her deadline for responding to the first written

discovery requests to March 14, 2016.  In the email correspondence between the parties, the

Plaintiff asked for an extension of "an additional 30 days to respond to the pending discovery,

making the answers due February 3, 2016."  Email Dec. 29, 2015 (DN 277-5).  The Defendants

agreed to this deadline: February 3, 2016.  *Id.*

The Court rejects the Plaintiff's argument that when the Defendants granted a thirty-day

extension, the thirty-day agreed extension morphed into an even longer extension by virtue of the

---

[5] *See* LR 6.2 (providing that when a deadline falls on a Saturday, the deadline becomes
"the next day that is not a Saturday, Sunday, or legal holiday.").  Monday, January 18, 2016 was
the legal holiday observing Dr. Martin Luther King Jr.'s birthday.

Court's scheduling order.  The Plaintiff requested, and the Defendants agreed, to the February 3 deadline before the Court entered the scheduling order.

The Court recognizes that the scheduling order directed the parties to begin phase one fact discovery on January 19, 2016.  The Defendants served the first written discovery requests on December 2, 2015, seven weeks before January 19.  Even assuming that entry of the Court's scheduling order meant that the clock for responding to the written discovery requests did not start until January 19, thirty days after January 19 came and went on February 18.

The Plaintiff did not come close to responding by February 18.   Three weeks after February 18—on March 11, the day her response to the first motion to compel was due—she responded to the first written discovery requests.   Even under this generous reading of the timeline, the responses to the first written discovery requests were still three weeks late.   The Court finds that the Plaintiff's responses to the first written discovery requests were untimely.

### B.  Effect of the Plaintiff's failure to timely respond to the first written discovery requests

Having found the Plaintiff's responses untimely, the Court turns to the effect of the Plaintiff's failure to timely respond to the first written discovery requests.

In their memorandum in support of the first motion to compel, the Defendants argue that by failing to respond to the written discovery requests, the Plaintiff waived all objections to the interrogatories and requests for production.   Defs.' Mem. 4 – 5.  They further argue that failure to timely respond to the requests for admission deems those answers admitted.  *Id.* at 2 n.2.

The Plaintiff provides no argument in response to the Defendants' assertion that her failure to timely respond to the interrogatories or the requests for production results in a waiver of her objections.  *See* Pl.'s Resp. 1 – 2.  In the same vein, the Plaintiff provides no argument in

7

response to the Defendants' assertion that her failure to timely respond to the requests for admission deems those answers admitted.  *See id.*

Instead, she argues that because she responded to the first written discovery requests, the motion to compel is moot.  *Id.*  She makes no mention of the "good cause" standard of Rule 33(b)(4), nor did she ask the Court to excuse the failure to timely respond to the interrogatories. She did not respond to the cases cited by the Defendants suggesting that failure to timely respond to the requests for production waives any objection.  *See, e.g.*, Defs.' Mem. 5 n.2 (citing *Duracore,* 2015 WL 4750936 at *6).  Likewise, she makes no argument that her answers to the requests for admission should not be deemed admitted by operation of Rule 36(a)(3).  She cites no case that would support the assertion that providing the responses to the written discovery requests the same day she responded to the motion to compel makes the motion to compel moot. Finally, the Plaintiff does not respond to the Defendants' request for attorneys' fees and costs for filing the first motion to compel.

The Court finds that the Plaintiff's failure to timely respond to the interrogatories in the first written discovery requests results in a waiver of her objections to the interrogatories.  *See* Fed. R. Civ. P. 33(b)(4).  The Court finds that the Plaintiff's failure to timely respond to the requests for production in the first written discovery requests results in a waiver of her objections to the requests for production.  *See Duracore*, 2015 WL 4750936 at *6.  Therefore, the Court will grant the Defendants' first motion to compel to the extent that it seeks an order that the Plaintiff's failure to timely respond to the interrogatories in the first written discovery requests results in a waiver of her objections to those interrogatories.  Likewise, the Court will grant the Defendants' first motion to compel to the extent that it seeks an order that the Plaintiff's failure

to timely respond to the requests for production in the first written discovery requests results in a waiver of her objections to the requests for production.

The Court has considerable discretion in handling discovery matters. *Hadfield v. Newpage Corp.*, 2016 WL 427924 *3 (W.D. Ky. Feb. 3, 2016). As part of this discretion, the Court may "permit a longer time for a written answer to a request for admission and to accept the filing of an answer that would otherwise be untimely." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (internal quotation marks and citation omitted). Therefore, the Court is not required to deem all matters admitted for failure to timely respond. *Id.*

The Court will exercise its discretion here. The Court will accept the Plaintiff's late-filed answers to the Defendants' requests for admission. Therefore, the Court will deny the Defendants' first motion to compel to the extent that it seeks an order from the Court deeming all of the Plaintiff's answers to the Defendants' requests for admissions admitted.

The Defendants request their reasonable expenses incurred in filing the first motion to compel. Defs. 1st Mem. 5 – 6. The Plaintiff does not respond to this request. *See* Pl.'s 1st Resp. 1 – 2. As discussed below, the Court will order the payment of reasonable expenses the Defendants incurred in filing the third motion to compel. *See* discussion *infra* Part III(C). For this reason, the Court will decline to award the Defendants their reasonable expenses incurred in filing the first motion to compel because such an award—if combined with the award discussed *infra*—would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

C. Whether the Plaintiff's answers to the first written discovery requests were deficient

In the third motion to compel, the Defendants argue that the following responses to the first written discovery requests were deficient:

9

1. Defendants' Joint Requests for Admissions, Interrogatories and Requests for Production:
   - Interrogatories Nos. 12 – 15, 18 – 21, 25 – 26, 29 – 30, 32 – 34
   - Requests for Production Nos. 5, 14, 24 – 25 and 29 – 30

2. PPG Industries, Inc.'s First Set of Requests for Admissions, Interrogatories and Requests for Production:
   - Interrogatories No. 5 – 10
   - Requests for Production No. 1

3. Shell Oil Company's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Admission:
   - Interrogatories Nos. 5 – 10
   - Requests for Production No. 1

Defs.' 3rd Mem. 1 – 2. The Defendants ask the Court to order the Plaintiff to provide "full and adequate responses" to the specific interrogatories and requests for production detailed above. *Id*. at 4.

Under local rule, failure to timely respond to a motion may be grounds for granting the motion. LR 7.1(c).

The Plaintiff did not respond to the third motion to compel.

The Court will grant the Defendants' third motion to compel in full. The Court will order the Plaintiff to provide full and adequate responses to the first written discovery requests. The Court will order the Plaintiff to pay the Defendants' reasonable expenses incurred in making the third motion to compel, including attorneys' fees. *See* Fed. R. Civ. P. 37(a)(5)(A).

IV.   Certain Defendants' second and fourth motions to compel

A.   Whether the Plaintiff timely responded to the second written discovery requests

Between January 12, 2016, and February 5, 2016, the Certain Defendants served the Plaintiff with their second written discovery requests. *See* Cert. Defs.' 2nd Mem. 2 – 3. The

Plaintiff's response to the second motion to compel does not dispute these dates.  *See* Pl.'s 2nd

Resp. 1 – 2 (DN 295).  The second written discovery requests include:

1.  Occidental Chemical Corporation's phase one requests for admission, interrogatories, and requests for production;
2.  Honeywell International Inc.'s phase one requests for admission, interrogatories, and requests for production;
3.  Olin Corporation's phase one requests for admission, interrogatories, and requests for production;
4.  Ethyl Corporation's phase one requests for admission, interrogatories, and requests for production;
5.  Air Products and Chemicals, Inc.'s phase one requests for admission, interrogatories, and requests for production
6.  Monsanto Company's phase one requests for admission, interrogatories, and requests for production
7.  The Dow Chemical Company's phase one requests for admission, interrogatories, and requests for production;
8.  Union Carbide Corporation's phase one requests for admission, interrogatories, and requests for production.

Cert. Defs.' 2nd Mem. 2 – 3.

The Plaintiff timely responded to Dow Chemical and Union Carbide's requests for admission on March 8 and 9, 2016.  Cert. Defs.' 2nd Mem.  3 – 4.  As of March 30, 2016, the Plaintiff had not responded to the rest of the second written discovery requests, which the Certain Defendants say were due on March 23, 2016, at the latest.  *Id.*   On April 29, 2016, the Plaintiff responded to the second written discovery requests.  Pl.'s 2nd Resp. 1; Cert. Defs.' 2nd Reply 1.  Thus, it appears that the Plaintiff did respond to the second written discovery requests.  Accordingly, the Court will deny as moot the Defendants' second motion to compel to the extent it requests an order to respond to the interrogatories and requests for production in the second written discovery requests.

In the plaintiff's response to the second motion to compel, she does not dispute the Defendants' assertion that she missed most of the deadlines for responding to the second written

11

discovery requests.  *See* Pl.'s 2nd Resp. 1.  She responded to most of the second written discovery requests on April 29, 2016, the same day she responded to the second motion to compel.  *Id.* at 1.

The Court finds that the Plaintiff's responses to Dow Chemical and Union Carbide's requests for admission were timely.  The Court finds that the rest of the Plaintiff's responses to the second written discovery requests were untimely.

B. Effect of the Plaintiff's failure to timely respond to the second written discovery requests

Having found the Plaintiff's responses untimely, the Court turns to the effect of the Plaintiff's failure to timely respond to most of the second written discovery requests.

In their memorandum in support of the second motion to compel, the Certain Defendants argue that by failing to respond to the written discovery requests, the Plaintiff waived all objections to the interrogatories and requests for production.   Cert. Defs.' 2nd Mem. 4 – 5 (DN 289-9).  They further argue that failure to timely respond to the requests for admission deems those answers admitted.  *Id.* at 5 n.7.

The Plaintiff does not respond to these arguments.  Pl.'s 2nd Resp. 1 – 2.  Instead, she repeats the argument that the motion to compel was moot because she provided the answers on April 29, 2016.  *Id.* at 2.  Again, she cites no case which would suggest that a motion to compel becomes moot when a party serves the requested discovery.

The Court finds that the Plaintiff's failure to timely respond to the interrogatories in the second written discovery requests results in a waiver of her objections to the interrogatories.  *See* Fed. R. Civ. P. 33(b)(4).  The Court finds that the Plaintiff's failure to timely respond to the requests for production in the second written discovery requests results in a waiver of her

12

objections to the requests for production. *See Duracore*, 2015 WL 4750936 at *6. Therefore, the Court will grant the Defendants' second motion to compel to the extent that it seeks an order that the Plaintiff's failure to timely respond to the interrogatories in the second written discovery requests results in a waiver of her objections to those interrogatories. Likewise, the Court will grant the Defendants' second motion to compel to the extent that it seeks an order that the Plaintiff's failure to timely respond to the requests for production in the second written discovery requests results in a waiver of her objects to the request for production.

As discussed above in Part III(B), the Court has discretion to accept an untimely answer to a request for admission without automatically deeming the request admitted. The Court will again exercise its discretion. The Court will accept the Plaintiff's late-filed answers to the Certain Defendants' requests for admission. Therefore, the Court will deny the Defendants' second motion to compel to the extent that it seeks an order from the Court deeming all of the Plaintiff's answers to the Certain Defendants' requests for admissions admitted.

The Defendants request their reasonable expenses incurred in filing the second motion to compel. Cert. Defs.' 2nd Mem. 5 – 6. The Plaintiff does not respond to this request. *See* Pl.'s 2nd Resp. 1 – 2. The Court has already decided to order the payment of reasonable expenses for the third motion to compel. *See* discussion *supra* Part III(C). For this reason, the Court will decline to award the Defendants their reasonable expenses incurred in filing the second motion to compel because such an award—if combined if combined with the award discussed *supra*— would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

13

C. Whether the Plaintiff's answers to the second written discovery requests were <u>deficient</u>

In the fourth motion to compel, the Certain Defendants argue that the Plaintiff's interrogatory responses in the second written discovery requests fail to satisfy the obligation to verify the responses. Cert. Defs.' Mem. Supp. 4th Mot. Compel 3. They further argue that the Plaintiff's responses to the following interrogatories are deficient:

1. Occidental Chemical (No. 1); Olin (No. 2); Ethyl (No. 1); Air Products (No. 1); Monsanto (No. 1); Dow (No. 1); Union Carbide (No.1); and Honeywell (Nos. 1 – 2);

2. OxyChem (No. 5); Olin (No. 4); Ethyl (No. 5); Air Products (No. 7); Monsanto (No. 4); Dow (No. 6); Union Carbide (No. 6);

3. Air Products (No. 5);

4. Air Products (No. 6);

5. OxyChem (No. 6); Olin (No. 5); Ethyl (No. 6); Air Products (No. 8); Monsanto (No. 5); Dow (No. 7); Union Carbide (No. 7);

6. OxyChem (No. 7); Olin (No. 6); Ethyl (No. 7); Air Products (No. 9); Monsanto (No. 6); Dow (No. 8); Union Carbide (No. 8);

7. OxyChem (No. 8); Ethyl (No. 8); Air Products (No. 10); Dow (No. 2); Monsanto No. 7); Olin (No. 7);

8. OxyChem (No. 9); Olin (No. 9); Ethyl (No. 9); Monsanto (No. 9); Dow (No. 10); Union Carbide (No. 10);

9. Dow (No. 9); Union Carbide (No. 9); Monsanto (No. 8); Olin (No. 8); Honeywell (No. 4);

10. OxyChem (No. 10); Olin (No. 10); Ethyl (No. 10); Monsanto (No. 10); Dow (No. 11); Union Carbide (No. 11); Honeywell (No. 5);

11. Dow (No. 12); Union Carbide (No. 12).

Cert. Defs.' Mem. Supp. 4th Mot. Compel 4 – 12. Additionally, the Certain Defendants argue that the Plaintiff's answers to the following requests for production are deficient:

1. OxyChem (No. 1); Olin (No. 1); Ethyl (No. 1); Air Products No. 1; Monsanto No. 1;

14

2. Dow (No. 1); Union Carbide (No. 1); Honeywell (Nos. 1 – 5);

3. Dow (No. 2); Union Carbide (No. 2);

4. OxyChem (No. 2); Olin (No. 2); Monsanto (No. 2); Air Products (No. 2); Dow (No. 3); Union Carbide (No. 3);

5. OxyChem (No. 3); Olin (No. 4); Monsanto (No. 4); Union Carbide (No. 5); Dow (No. 5); Air Products (No. 3);

6. OxyChem (No. 6); Olin (No. 7); Air Products (No. 6); Monsanto (No. 7); Dow (No. 8); Union Carbide (No. 8);

7. OxyChem (No. 7); Olin (No. 8); Monsanto (No. 9); Dow (No. 9); Union Carbide (No. 9);

8. OxyChem (No. 8); Olin (No. 9); Monsanto (No. 9); Dow (No. 10); Union Carbide (No. 10);

9. Air Products (No. 7).

*Id.* at 12 – 14.

The Defendants ask the Court to order the Plaintiff to provide "full and complete responses" to the specific interrogatories and requests for production detailed above. *Id.* at 16. Then, they ask the Court to award their costs and attorneys' fees. *Id.* at 15 – 16.

The Plaintiff does not respond to these arguments. *See* Pl.'s Resp. 4th Mot. Compel 1 (DN 302). She chastises the Certain Defendants for citing "no authority" in the fourth motion to compel. *Id.* She argues that, "Since Plaintiff has served answers to all pending discovery to the best of her ability and has nothing additional to supplement at this time, the issue is moot." *Id.* Again, the Plaintiff cites no case which might suggest that serving a discovery response moots a motion to compel.

The Court will grant the Certain Defendants' fourth motion to compel to the extent that it seeks to order the Plaintiff to verify her responses to interrogatories in accordance with Rule

33(b)(3).  The Court will grant the Certain Defendants' fourth motion to compel to the extent that it seeks "full and adequate responses" to the second written discovery requests.  The Court has already decided to order the payment of reasonable expenses for the third motion to compel. *See* discussion *supra* Part III(C).  For this reason, the Court will decline to award the Defendants their reasonable expenses incurred in filing the fourth motion to compel because such an award—if combined if combined with the award discussed *supra*— would be unjust.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

      V.    <u>Order</u>

      A.  <u>The Defendants' first motion to compel</u>

Accordingly, the Court **GRANTS** in part and **DENIES** in part the Defendants' first motion to compel (DN 277).  The Court **GRANTS** the Defendants' first motion to compel in part as follows:

1. Any objections by the Plaintiff to the following Interrogatories and Requests for Production are **DEEMED WAIVED**:

    o   Defendants' First Set of Phase One Joint Interrogatories, and Requests for Production

    o   Shell Oil Company's First Set of Phase One Interrogatories, and Requests for Production;

    o   PPG Industries, Inc.'s First Set of Phase One Interrogatories, and Requests for Admission.

The Court **DENIES** the Defendants' first motion to compel in part as follows:

1. The Court **DENIES** as moot the Defendants' motion to compel to the extent it seeks to compel the Plaintiff to respond to the interrogatories and requests for production.

2. The Court **DENIES** the Defendants' request of an award of their reasonable expenses incurred in making the first motion to compel.

3. The Court **DENIES** the Defendants' request to deem the Plaintiff's answers to the following requests for admissions as admitted:

- o Defendants' First Set of Phase One Joint Requests for Admission;

- o Shell Oil Company's First Set of Phase One Requests for Admission;

- o PPG Industries, Inc.'s First Set of Phase One Requests for Admission;

B. The Certain Defendants' second motion to compel

The Court **GRANTS** in part and **DENIES** in part the Defendants' second motion to compel (DN 289). The Court **GRANTS** the Certain Defendants' second motion to compel in part as follows:

1. Any objections by the Plaintiff to the following interrogatories and requests for production are **DEEMED WAIVED**:

- o Occidental Chemical Corporation's phase one requests for admission, interrogatories, and requests for production;

- o Honeywell International Inc.'s phase one requests for admission, interrogatories, and requests for production;

- o Olin Corporation's phase one requests for admission, interrogatories, and requests for production;

- o Ethyl Corporation's phase one requests for admission, interrogatories, and requests for production;

- o Air Products and Chemicals, Inc.'s phase one requests for admission, interrogatories, and requests for production

- o Monsanto Company's phase one requests for admission, interrogatories, and requests for production

- o The Dow Chemical Company's phase one requests for admission, interrogatories, and requests for production;

- o Union Carbide Corporation's phase one requests for admission, interrogatories, and requests for production.

The Court **DENIES** the Certain Defendants' second motion to compel in part as follows:

17

1. The Court **DENIES** as moot the Certain Defendants' second motion to compel to the extent it seeks to compel the Plaintiff to respond to the interrogatories and requests for production.

2. The Court **DENIES** the Certain Defendants' request of an award of their reasonable expenses incurred in making the second motion to compel.

3. The Court **DENIES** the Certain Defendants' request to deem the Plaintiff's answers to the following requests for admission as admitted:

   o Occidental Chemical Corporation's phase one requests for admission;

   o Honeywell International Inc.'s phase one requests for admission;

   o Olin Corporation's phase one requests for admission;

   o Ethyl Corporation's phase one requests for admission;

   o Air Products and Chemicals, Inc.'s phase one requests for admission;

   o Monsanto Company's phase one requests for admission;

   o The Dow Chemical Company's phase one requests for admission;

   o Union Carbide Corporation's phase one requests for admission.

C. <u>The Defendants' third motion to compel</u>

The Court **GRANTS** the Defendants' third motion to compel in full (DN 293).   The Court **GRANTS** the Defendants' request for an award of reasonable expenses incurred for filing the third motion to compel.   The Plaintiff **SHALL PROVIDE** full and adequate responses to the following discovery requests **within fourteen days** of entry of the Court's order:

1. Defendants' First Set of Phase One Joint Requests for Admissions, Interrogatories and Requests for Production:
   o Interrogatories Nos. 12 – 15, 18 – 21, 25 – 26, 29 – 30, 32 – 34
   o Requests for Production Nos. 5, 14, 24 – 25 and 29 – 30

2. PPG Industries, Inc.'s First Set of Phase One Requests for Admissions, Interrogatories and Requests for Production:
   o Interrogatories No. 5 – 10
   o Requests for Production No. 1

18

3. Shell Oil Company's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Admission:
   - Interrogatories Nos. 5 – 10
   - Requests for Production No. 1

D. The Certain Defendants' fourth motion to compel

The Court **GRANTS** in part and **DENIES** in part the Certain Defendants' fourth motion to compel (DN 301). The Plaintiff **SHALL PROVIDE** answers to the Certain Defendants' interrogatories that comply with Federal Rule of Civil Procedure 33(b)(3). The Plaintiff **SHALL PROVIDE** full and adequate responses to the following discovery requests **within fourteen days** of the Court's order:

1. Occidental Chemical Corporation's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Production:
   - Interrogatories Nos. 1, 5 – 10
   - Requests for Production Nos. 1 – 8

2. Honeywell International's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Production:
   - Interrogatories Nos. 1 – 2, 4 – 5
   - Requests for Production Nos. 1, 2, 4, 5

3. Olin Corporation's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Production:
   - Interrogatories Nos. 1, 4 – 10
   - Requests for Production Nos. 1 – 9

4. Air Products and Chemicals, Inc.'s First Set of Phase One Requests for Admission, Interrogatories, and Requests for Production:
   - Interrogatories Nos. 1, 5 – 10
   - Requests for Production Nos. 1 – 7

5. Monsanto Company's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Production:
   - Interrogatories Nos. 1, 4 – 10
   - Requests for Production Nos. 1 – 9

6. The Dow Chemical Company's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Production:

19

- o   Interrogatories Nos. 1, 2, 6 – 12
- o   Requests for Production Nos. 1 – 10

7. Union Carbide Corporation's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Production:
   - o   Interrogatories Nos. 1, 2, 6 – 12
   - o   Requests for Production Nos. 1 – 3, 5 – 10

8. Ethyl Corporation's First Set of Phase One Requests for Admissions, Interrogatories, and Requests for Production:
   - o   Interrogatories Nos. 1, 5 – 10
   - o   Requests for Production No. 1.


cc:  Counsel of record