**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:12-CV-862-DJH-CHL**

**PAMELA EASTRIDGE,**
**Executor of the Estate of Joseph E. Morris, Jr.,**                    **Plaintiff,**

v.

**GOODRICH CORPORATION, et al.**                                        **Defendants.**

<u>Memorandum Opinion and Order</u>

The Defendants[1] moved for an extension of their Phase One expert designation deadline. Mot. (DN 318). The Plaintiff did not respond. The Court will deny the requested extension.

The Court may extend a deadline for good cause. Fed. R. Civ. P. 6(b)(1)(A). "[T]he plain language of the rule demonstrates that the good cause standard in the rule is discretionary—even if a party demonstrates good cause, a district court is not required to grant a motion to extend time." *Ott v. Fed. Home Loan Mortg. Corp.*, 535 F.App'x 488, 489 (6th Cir. 2013).

The Court's scheduling order delineates discovery into two phases. Sch. Order (DN 263). Phase One fact discovery ended on August 15, 2016. *Id.* at 4. The Plaintiff's Phase One expert disclosure deadline was September 15, 2016.[2] *Id.* The Defendants filed this motion for an extension on October 27, 2016, before their November 15, 2016 deadline expired.

---

[1] The Defendants include: Air Products and Chemicals, Inc.; American Chemistry Council; ConocoPhillips Company; The Dow Chemical Company; Ethyl Corporation; Georgia Gulf Corporation; Georgia-Pacific LLC; The Goodyear Tire and Rubber Company; Gulf Oil Limited Partnership; Honeywell International, Individually and as successor-in-interest to Allied Signal Corporation and Allied Chemical; Hexion Inc., f/k/a Momentive Specialty Chemicals Inc., f/k/a Hexion Specialty Chemicals, f/k/a Borden Chemical, Inc.; Monsanto Company; Occidental Chemical Corporation; Olin Corporation; PPG Industries, Inc.; Shell Oil Company; and Union Carbide Corporation.

[2] The Defendants have separately moved in limine to preclude the Plaintiff from using any Phase One experts or reports for failure to timely disclose. (DN 317).

The Defendants argue that if they prevail on their pending summary judgment motions, they will save the "significant expense of designating Phase One experts, having them prepare the necessary reports and producing them for depositions." Defs.' Mem. Supp. 4 (DN 318-1). They go on to argue that even though they do not need to show lack of prejudice to the Plaintiff, there will be no prejudice to the Plaintiff if the Court grants the extension because "[t]here is no trial date that will be delayed, and Plaintiff will not be precluded from taking Phase One expert discovery if the Court denies Defendants' summary judgment motions." *Id.* at 4 – 5.

The Court could grant the motion because Plaintiff failed to timely respond. *See* Local Rule 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion."); *see also*, Mem. Op. & Order 9 – 10 (DN 307) (granting Defendants' third motion to compel because Plaintiff failed to timely respond).

The Court finds that the Defendants have shown good cause to modify their Phase One expert designation deadline. However, the Court will exercise its discretion and deny the requested extension. *See Ott*, 535 F.App'x at 489. Regardless of the merits of the Defendants' summary judgment motions, this case has been on the Court's docket for nearly four years. Discovery needs to progress to "secure the just, speedy, and inexpensive determination of every civil action and proceeding." Fed. R. Civ. P. 1.[3]

Accordingly, the Court **DENIES** the Defendants' motion to extend their Phase One expert disclosure deadline (DN 318). The Defendants **SHALL DISCLOSE** their Phase One experts **on or before January 31, 2017**.

Cc: counsel of record

---

[3] *See also*, Roberts, C.J., 2015 YEAR-END REPORT ON THE FEDERAL JUDICIARY 10, https://www.supremecourt.gov/publicinfo/year-end/year-endreports.aspx ("Judges must be willing to take on a stewardship role, managing their cases from the outset rather than allowing parties alone to dictate the scope of discovery and the pace of litigation.").