UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:12-CV-862-DJH-CHL

PAMELA EASTRIDGE,
Executor of the Estate of Joseph E. Morris, Jr.,                                      Plaintiff,

v.

GOODRICH CORPORATION, et al.                                      Defendants.


**Memorandum Opinion and Order**

On January 9, 2017, the Defendants[1] moved for reconsideration of the Court's December

14, 2016 memorandum opinion and order.  (DN 335.)

In the December 14, 2016 memorandum opinion and order, the Court found good cause

to modify the Defendants' January 31, 2017 Phase One expert designation deadline.  (DN 329 at

2.)  However, the Court exercised its discretion in denying the extension because "this case has

been on the Court's docket for nearly four years."  (*Id.*)

On December 30, 2016, the Court granted Pamela Eastridge's motion for extension of

time to respond to the pending motions for summary judgment.  (DN 333.)  The Court found the

Defendants' arguments opposing an extension "well-taken."  (*Id.*)  The Court said, "Finally, it is

also noteworthy—if not extraordinary—that after asking for an extension *to December 27*, as of

the date of this Order being entered, Plaintiff still has not filed her responses to the motions for

---

[1] The Defendants are Occidental Chemical Corporation; Air Products and Chemical, Inc.;
Union Carbide Corporation; The Dow Chemical Company; Honeywell International, Inc.,
individually and as successor in interest to Allied Signal Corporation and Allied Chemical; Olin
Corporation; Ethyl Corporation; Monsanto Company; The Goodyear Tire and Rubber Company;
Georgia-Pacific LLC; Gulf Oil Limited Partnership; American Chemistry Council; Georgia Gulf
Corp.; PPG Industries, Inc.; Shell Oil Co.; and Momentive Specialty Chemicals, Inc.,
individually and as successor in interest to Hexicon Specialty Chemicals and Borden Chemical,
Inc.

1

summary judgment." (*Id.*)   The Court's order said, "To be clear, the Plaintiff's deadline for responding to the pending motions is **January 6, 2017**." (*Id.*)

Although the Court granted Eastridge a generous extension, Eastridge did not respond to the motions for summary judgment by the January 6, 2017 deadline.   On January 9, 2017, the Defendants filed a notice of Eastridge's failure to timely respond to the motions for summary judgment.  (DN 334.)   That same day, the Defendants filed this motion to reconsider.  (DN 335.) The Defendants argue, "The changed circumstances here—Plaintiff's failure to respond to the pending summary judgment motions by a Court-ordered deadline—justify reconsideration of the Extension Motion." (*Id.* at 2.)   The Court stayed the Defendants' Phase One expert designation deadline pending a ruling on the motion to reconsider.  (DN 337.)

On January 31, 2017, Eastridge filed a "reply to pending motions."  (DN 339.)  Eastridge did not respond to the arguments raised in the motion to reconsider.   Eastridge says, "While counsel has considered a number of potential objections to the Motions to dismiss phase one claims, ultimately no principled objection could be made." (*Id.*)

The Defendants reply that because Eastridge has admitted that she has no objection to the pending motions, there is no need to designate Phase One experts.  (DN 340 at 1 – 2.)

"The Federal Rules of Civil Procedure do not explicitly provide for a motion for reconsideration."  *Crouch v. John Jewell Aircraft, Inc.*, 2016 WL 1178005 *2 (W.D. Ky. 2016). The Court may review a motion to reconsider under either Rule 59 or Rule 60.  *Id.*  The Court may grant relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  A motion to reconsider is within the Court's discretion.  *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004).

The Defendants argue that reconsideration is appropriate under Rule 60's "any other reason" catchall.  (DN 335 at 2.)  Eastridge has offered no argument in opposition to extending

the Defendants' Phase One expert designation deadline.  The Court agrees that extraordinary circumstances exist that justify reconsideration of the memorandum opinion and order.

The Court denied the Defendants' proposed extension so that discovery would proceed and this case would progress.  (*See* DN 329 at 2.)  Extending the Defendants' Phase One expert designation deadline now will serve the interests of efficiency.  If the Defendants prevail on their pending motions for summary judgment, there will be no experts to disclose.  If the Defendants do not prevail, they will disclose their Phase One experts, and discovery will progress.

Moreover, Eastridge's "reply to pending motions" is itself extraordinary.  Eastridge asserts, "The responses to phase one discovery were complete."  (DN 339 at 2.)  The record belies this assertion.  The Defendants filed four motions to compel responses to their Phase One discovery requests.   (DNs 277, 289, 293, & 301.)   The Court's September 29, 2016 memorandum opinion and order addressed those four motions in detail.  (DN 307.)  The Court granted three of those motions to compel in part and granted a fourth in full.  (*Id.* at 16 – 20.)

Eastridge also asserts, "This might be a time for the Court to consider a settlement conference to resolve this case.  Counsel would be available to discuss the potential with the Magistrate [sic] informally and otherwise and has no objection to the court directly discussing [this] potential with defendants without the presence of Plaintiff's counsel."  (DN 339 at 2 (brackets added.))  The Defendants oppose this request.  (DN 340 at 2 n.2.)  In light of status of the case and the parties respective positions on settlement, the undersigned believes that conducting a settlement conference at this juncture would be a futile exercise.

Accordingly, the Court **VACATES** the Defendants' deadline for designating their Phase One experts.  The Defendants' deadline for designating their Phase One experts is thirty days

after the Court rules on the latest of the pending motions for summary judgment and motions for joinder (DNs 310, 311, 312, 314, 315, 316, 319, 320, & 322).